HANNAH HOLDEN, administratrix, *vs.* METROPOLITAN LIFE
INSURANCE COMPANY.

Suffolk.    March 13, 1905. — May 19, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Insurance, Life,* Revival.

The provision contained in R. L. c. 118, § 73, that "Every policy [of life insurance]
which contains a reference to the application of the insured, either as a part of
the policy or as having any bearing thereon, must have attached thereto a cor-
rect copy of the application, and unless so attached the same shall not be con-
sidered a part of the policy or received in evidence ", does not require a copy of
a revival application to be annexed to a policy revived after it has lapsed, and
in an action on such a policy the insurance company can put in evidence the
application for revival, although not attached to the policy, and show that the
warranties contained in the application were broken by the plaintiff so that the
revival never took effect.

CONTRACT for $252 on a policy of life insurance issued by the
defendant to the plaintiff's intestate, and alleged to have been
revived after it had lapsed.    Writ dated October 3, 1902.

At the trial in the Superior Court before *Wait,* J. the plaintiff
asked the judge to rule as follows : 1. The granting of the appli-
cation for a revival of the policy restored the insured to all the
rights he acquired upon the date the policy was issued, subject
only to such conditions as may appear in the application and in-
strument reviving the policy.    2. The application for revival of
the lapsed policy not having been attached to the policy is not
admissible as evidence, and the jury must disregard it.    3. The
revival of the policy is a revival *ab initio* of all the plaintiff's
rights.

The judge refused to rule as requested, and ruled " that the
application for revival is not itself a policy of insurance, and the
evidence, uncontradicted evidence, shows that prior to the appli-
cation for revival the assured had been rejected for insurance in
other life insurance companies.    That the warranties contained
in the revival were therefore violated, and the revival did not
take effect."    He ordered a verdict for the defendant ; and the
plaintiff alleged exceptions.

*D. V. McIsaac,* for the plaintiff.

*G. W. Cox,* for the defendant.

HAMMOND, J.   The policy having lapsed, the insured, desiring to have it revived, made an application for that purpose, and upon that application it was revived.   In this application there was a warranty that the insured had not been rejected by other insurance companies.

At the trial the defendant showed by uncontradicted evidence that the insured, previous to taking out the policy, had been rejected by other insurance companies; and it contended, among other things, that the warranty had been broken and consequently that the contract of revival was void.   To this, so far as respected the application for revival, the plaintiff contended that this application should have been attached to the policy, and that not having been so attached, it could not be admitted in evidence, nor could the evidence of the breach of warranty be admitted.   The judge admitted the application and the evidence as to the breach of warranty, ruled that " the application for revival is not itself a policy of insurance " and that inasmuch as the uncontradicted evidence showed " that prior to the application for revival the assured had been rejected for insurance in other life insurance companies, . . . the warranties contained in the revival were therefore violated, and the revival did not take effect"; and having so ruled, directed a verdict for the defendant.

Although not stated with much precision, the ruling of the judge in substance was that R. L. c. 118, § 73, did not require a copy of the revival application to be annexed to the policy.   We are of opinion that the ruling was correct.

That section provides that " Every policy which contains a reference to the application of the insured, either as a part of the policy or as having any bearing thereon, must have attached thereto a correct copy of the application, and unless so attached the same shall not be considered a part of the policy or received in evidence."

An inspection of this policy shows that it does not contain a reference to the application of the insured, either as a part of the policy or as having any bearing thereon.   It is true that there is a statement upon the policy that having lapsed it is revived upon certain warranties contained in the revival application, but this relates simply to the terms of the revival, and not to the terms

of the original policy. The terms of the policy as such remain
as before. The language of the statute plainly has reference to
an application upon which the original policy is issued, and not
to any contract of revival. This view of the statute is further
confirmed by the next clause in the same section, which provides
that " each application for such policy shall have printed upon it
in large bold-faced type the following words : ' Under the laws
of Massachusetts, each applicant for a policy of insurance to be
issued hereunder is entitled to be furnished with a copy of this
application attached to any policy issued thereon.' " The de-
fendant does not seek to avoid the policy for any violation of its
provisions, but seeks to avoid the contract of revival upon the
ground that it was void from the beginning, and the policy never
was in law revived.

Since the policy had lapsed and the revival was void, the judge
rightly ordered a verdict for the defendant.

*Exceptions overruled.*