# METROPOLITAN LIFE INSURANCE COMPANY *v.* BURCH.

---

LIFE INSURANCE; TRIAL; ESTOPPEL; STATUTES.

1. Where in an action on a life insurance policy the defendant stated to the court that in view of the exclusion by the court of certain evidence offered by the defendant, there was no disputed question of fact for submission to the jury, but out of superabundant caution on motion of the plaintiff there was submitted to the jury a special issue regarding the lapse of the policy for nonpayment of a premium, and neither the submission of the issue nor its result had any effect

upon the determination of the case, the defendant by its concession in open court is estopped to question it.

2. Sec. 657, D. C. Code, [31 Stat. at L. 1294, chap. 854], requiring a copy of every application for life insurance to be delivered with the policy, being enacted to furnish the insured with a copy of the application upon the representations in which the validity of the policy and its binding force may be made to depend, was intended to remedy a mischief, and is to be given a reasonably liberal interpretation to that end.

3. Sec. 657, D. C. Code, providing that "each life insurance company, bene-fit order, and association doing a life insurance business in the District of Columbia shall deliver with each policy issued by it a copy of the application made by the insured, so that the whole contract may appear in said application and policy, in default of which no defense shall be allowed to such policy on account of anything contained in, or omitted from, such application" [31 Stat. at L. 1294, chap. 854, as amended 32 Stat. at L. 534, chap. 1329] applies to an application for the renewal of a lapsed policy as well as to one for the original policy; and there is no error in excluding from the evidence a renewal application a copy of which was not so delivered.

No. 2441.   Submitted November 8, 1912.   Decided December 30, 1912.

HEARING on an appeal by the defendant from a judgment of the supreme court of the District of Columbia in an action on a policy of life insurance.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

The Metropolitan Life Insurance Company, defendant below, appeals from a judgment in an action on a policy of life insurance.

To the declaration on the policy alleging the contract of insurance on the life of Ella R. Burch in the sum of $500 for the benefit of plaintiff, Susan R. Burch, and the death of the insured, the defendant pleaded specially that it issued said policy in consideration of quarterly payments of the premium of $6.13 to be paid at the defendant's home office in the city of New York. That among the conditions of the same was one that the payment of a premium or instalment thereof should not main-

tain the policy in force beyond the date when the next became
due and payable. That insured paid the quarterly premiums;
when the same became due until April 14, 1910, whereby said
policy lapsed and was no longer enforceable. That after said
lapse, on May 26, 1910, the insured and the beneficiary applied
for a restoration of said policy, and, to induce the defendant to
restore the same, made a written application, in which they de-
clared that the insured was on said date in sound health, that she
had not been, since the issue of said policy, afflicted with any dis-
ease or physically unable to attend to business, and had not con-
sulted or been attended by any physician. That they therein
expressly agreed that if the defendant should grant said restora-
tion, it should be upon condition that if any of the foregoing
statements should be in any respect untrue the policy shall be
void and all premiums forfeited. That the insured was not on
said date in sound health, but was suffering from pulmonary
tuberculosis; that she quit work on account of the same April
10, 1910, and on the same day consulted a physician, who at-
tended her until she died of said disease, September 26, 1910.
That by reason of the untruth of the statement in said applica-
tion, the said policy was never restored and is unenforceable.

Plaintiff offered the policy of insurance in evidence, the fol-
lowing parts of which are set out in the bill of exceptions:

"Metropolitan Life Insurance Company, in consideration of
the quarter annual premium of six and 13/100 dollars, and the
payment of a like amount upon each fourteenth day of July,
October, January, and April hereafter until twenty full years'
premium shall have been paid, or until the prior death of the
insured, promises to pay at the home office of the company in
the city of New York to Ella R. Burch, of Washington, county
of District of Columbia, herein called the insured, on the four-
teenth day of July, nineteen hundred and twenty nine, if the
insured be then living, or upon receipt at said home office of
due proof of the prior death of the insured, to Susan R. Burch,
mother of the insured, beneficiary, with right of revocation, five
hundred dollars, less any indebtedness hereon to the company
and any unpaid portion of the premium for the then current

policy year upon surrender of this policy properly receipted. * * *

"Payment of premiums.—The company will accept payment of premiums at other times than as stated above, as follows:

"Except as herein provided the payment of a premium or instalment thereof shall not maintain the policy in force beyond the date when the next premium or instalment thereof is payable.

"All premiums are payable in advance at said home office, or to any agent of the company upon delivery, on or before date due, of a receipt signed by the president, vice president, secretary, or actuary of the company and countersigned by said agent.

"A grace of thirty-one days, subject to any interest charge at the rate of five per cent per annum shall be granted for the payment of every premium after the first year, during which time the insurance shall continue in force. If death occur within the days of grace the unpaid portion of the premium for the then current policy year shall be deducted from the amount payable hereunder.

"No person except an executive officer of the company, as aforesaid, has power to modify, or in event of lapse to reinstate, this policy or to extend the time of paying a premium."

Plaintiff testified that the insured died on September 26, 1910. That she was her daughter. That she had other insurance in the same company, consisting of two smaller policies, and that an agent of the defendant company came to her home each week to collect the premiums on those policies which were payable weekly. That the agent asked her daughter to take out the policy sued on, which was afterwards issued. She produced receipts for premiums, one dated July 20, 1909, for the premium due July 14th; the second dated October 19th, 1909, for the premium due October 14th; another dated February 6, 1910, for the premium due January 14th; one dated May 26, 1910, for the premium due April 14; one dated August 1, 1910, for the premium due July 14, 1910. The premiums on said policy were habitually collected by the agent when he called to collect on the other policies. That on April 14, 1910, he was

told witness did not then have the money, but to come back next week. The agent did not return for several weeks. Another agent called and insured said she would not pay the money, because she did not know the man who had the receipt; and that one of the instructions of the company, printed in the receipt book, was that premiums should not be paid to strangers, but only to those introduced by the assistant superintendent. That when insured told him she would not pay him, he told her she had better come to the office on Monday and pay. Plaintiff went to the office on Monday, and was told to take the money back and that they would send an agent to her house. She was not told that the policy had lapsed or been forfeited for nonpayment of premiums. That witness took the money back to her home and a new agent, Fisher, brought the receipt. That the full amount of the money was paid and the receipt delivered.

For the defendant, H. Fisher testified that he began work for the defendant as an agent on April 18, 1910; that he collected premiums of 15 cents a week of plaintiff on two smaller policies at her home. About three weeks after commencing work he was given a receipt by the assistant superintendent, Winn, and told to collect the premium; that he went to plaintiff's home and saw the insured, whom he told he called to collect the premium on said policy. That she said she did not then have the money, but would call at the office and pay. Told her she had better call on Monday and pay, or otherwise the policy would be lapsed for nonpayment. That he heard nothing more for about three weeks, when he was told by Winn to go to insured's home and have her sign a revival application for the restoration of the policy. That he called on May 26, 1910, with the blank application, filling the same correctely with the answers to the questions, and the same was read by insured and signed by her and plaintiff. That he then gave a provisional receipt. That he does not know when the receipt, read in evidence by plaintiff, was delivered; could not tell whether he had given her that receipt later, but is positive that he only gave a provisional receipt on the day the application was signed.

Cross-examined he said that the receipt bore his signature, but he did not know when it was delivered.

Robert M. Rice, assistant superintendent of defendant company, testified that he collected the debits, including the home of plaintiff, beginning in March and ending in April, 1910, and introduced Fisher on this debit on April 18, 1910. That he had collected on several small industrial policies held by plaintiff for several weeks prior to April 13, 1910. That either in the week of April 11, or the beginning of the week of April 18, he called on insured to collect her premium, who told him she did not have the money then, but would call at the office and pay it. That he returned the receipt to the office and noted on the stub that she would call. That he called at the house after introducing agent Fisher, to collect on the small policies, and obtained plaintiff's receipt book for the same in order to credit a dividend that had matured thereon. That he only called once to collect the premium on the present policy. Refreshing his memory by a receipt for premium on the smaller policies dated April 13, 1910, he thought that was the date of his demand for the premium on this policy; that he had the receipt for the same then in his possession.

Assistant Superintendent Winn testified that he gave the receipt for the premium due April 14, 1910, to agent Fisher, who returned it with the note, "Will pay at office." Plaintiff came to the office shortly before May 26 and tendered the money, which was refused because the policy had lapsed, and the receipt had been returned to New York and was then there. That afterwards he gave agent Fisher a revival application and directed him to go to house of plaintiff and obtain her and the insured's signatures. That Fisher returned the application with the signatures, and thereafter the policy was revived. (The genuineness of the signatures to this were admitted by counsel for plaintiff.)

Defendant offered in evidence the application, which contained the statements alleged in the plea, and the same was admitted subject to a motion to exclude, on the objection of plain-

tiff, because a copy thereof had not been attached to the policy in the possession of the plaintiff.

Defendant then called Dr. Gwynn, who testified to attending the assured professionally from April 10, 1910, until her death; that she was not in sound health between said dates. Plaintiff objected to the disclosures of the physician on the ground that they were made incompetent by statute, but the objection was overruled. Cross-examined the witness said that in his opinion the insured died of pulmonary tuberculosis.

Upon the conclusion of the testimony the court, on plaintiff's motion, excluded the application, and also the evidence of Dr. Gwynn, to which defendant excepted. Defendant's bill of exceptions then recites:

"Counsel for the defendant thereupon stated that in view of the court's ruling in respect of the revival application, there was no question of fact to go to the jury, and that the defendant was without any defense to the policy for the reason that the only defense was in respect to breach of warranties contained in the application for restoration, and that there seemed no reason why the court should not direct the jury to return a verdict for the plaintiff."

The court then ruled that the defendant was without defense to the action, and thereupon instructed the jury to return a verdict for plaintiff, to which ruling the defendant excepted.

Counsel for plaintiff then moved the court to submit to the jury, for a special finding of fact, whether the policy had in fact been lapsed by defendant for nonpayment of the premium due April 14, 1910, which the court did, with the exception noted by the defendant. The jury answered "No," to the question. Thereupon the court directed the jury to return a verdict for the plaintiff on the whole evidence. Defendant noted its exceptions.

*Mr. Benjamin S. Minor, Mr. Hugh B. Rowland,* and *Mr. L. Randolph Mason* for the appellant.

*Mr. W. G. Gardiner* and *Mr. Blaine Coppinger* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. The defendant, having alleged that the policy had been revived, undertook to avoid the effect of that revival by alleging untrue statements made in the application therefor. Realizing that the foundation of the defense had been destroyed by the exclusion of the application, and that there was no disputed question of fact for submission to the jury, counsel for defendant so stated to the court. Nothing, in fact, remained but to direct a verdict for the plaintiff, leaving to defendant the benefit of its exception to the exclusion of the application. The motion to submit the special issue regarding the actual lapse of the policy for the failure to pay the premium due April 14, 1910, was an act of superabundant caution. The submission of the issue and its result had no effect upon the final determination of the case, and, moreover, defendant by its concession in open court is estopped to question it.

2. The question on which the case turned is raised by the assignment of error relating to the exclusion of the application for the restoration, revival, or renewal of the policy, and depends upon the effect of sec. 657 of the Code [31 Stat. at L. 1294, chap. 854, as amended 32 Stat. at L. 534, chap. 1329], which reads as follows: "Copy of application to be delivered with policy.—Each life insurance company, benefit order, and association doing a life insurance business in the District of Columbia shall deliver with each policy issued by it a copy of the application made by the insured, so that the whole contract may appear in said application and policy, in default of which no defense shall be allowed to such policy on account of anything contained in, or omitted from, such application."

The contention of the appellant is that this section only refers to the original application for the policy, and is not intended to apply to an application for the restoration or revival of a policy after it has once lapsed for the nonpayment of premiums. The section was intended to remedy a mischief, and is to be given a reasonably liberal interpretation to that end.

The purpose of the provision is that the insured shall be furnished with a copy of the application, upon the representations in which the validity of the policy and its binding force may be made to depend.  The rule of public policy, defined, applies with equal force to an application which renews the original policy, and amounts to a new contract of insurance embracing the terms of the original, but dating from the time of the renewal.  The effect of the new contract, evidenced by the terms of the original one and the renewal application, is dependent upon the truthfulness of the representations made in the renewal application.

The case of *Holden* v. *Metropolitan L. Ins. Co.* 188 Mass. 212, 74 N. E. 337, relied on by the appellant, is not in point. The statute therein construed is materially different from sec. 657.  It requires that "every policy which contains a reference to the application of the insured, either as a part of the policy or as having any bearing thereon, must have attached thereto a correct copy of the application, and unless so attached the same shall not be considered a part of the policy or received in evidence."  Sec. 657 does not require that the application shall have been referred to in the policy as a part of the same or as having any bearing thereon.

We are of the opinion that sec. 657 applies equally to the application for the renewal of the policy as well as to the application for the original; and that there was no error in its exclusion.

3. The foregoing conclusion renders it unnecessary to consider the exception to the exclusion of the evidence of the attending physician, Dr. Gwynn.  It was introduced to show the untruth of the representations made in the application, and its relevancy as well as materiality depended wholly thereon.

The direction of the verdict was right, and the judgment will be affirmed, with costs.                    *Affirmed.*