NORA M. REIDY *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Suffolk.   March 29, 1923. — May 25, 1923.

Present: BRALEY, DeCOURCY, PIERCE, & CARROLL, JJ.

*Insurance,* Life: revival.

For the purpose of reviving a policy of life insurance which had lapsed by reason of non-payment of overdue premiums, the insured signed a certificate of insurability for reinstatement of the policy, the material part of which was of the following tenor: " I, being the person on whose life the within mentioned policy was issued `. . . hereby request said company to reinstate said policy which under its terms is now lapsed, upon condition of the truth of the following statements and agreements. . . . I hereby certify that I am now in good health and that during the time, including the grace period, since the premium now in default became due, I have had no injury, ailment, illness or disease, nor symptoms of such, neither have I consulted a physician, except as noted below. None. I have

stated all exceptions." During the period named, the insured had been ill and had been treated more or less constantly by a physician for epilepsy from which he never recovered. In an action upon the policy after the death of the insured, it was *held,* that

(1) By reason of the falsity of the statements by the insured, the policy was not revived as a living enforceable contract under which the plaintiff as the beneficiary could recover;

(2) G. L. c. 175, § 186, had no application, the application for revival of the policy not being negotiation for a contract of insurance.

CONTRACT upon a policy insuring the life of Stephen J. Reidy. Writ dated July 21, 1919.

In the Superior Court, the action was tried before *Sanderson,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The defendant also asked for the following rulings:

" 1. Upon all the evidence the plaintiff is not entitled to recover.

" 2. There is no evidence that at the time the policy declared upon was last reinstated the insured was in good health.

" 3. St. 1907, c. 576, § 21, does not apply to the Certificates of Insurability for Reinstatement of the policy declared upon which were signed by the insured.

" 4. The burden is upon the plaintiff to prove that at the time the Certificates of Insurability were signed by the insured that he was in good health, that during the time, including the grace periods, since the premiums then in default became due, he had had no injury, ailment, illness or disease or symptoms of such and that he had not consulted any physician.

" 5. If, at the time the policy declared upon was reinstated the insured had epilepsy, the plaintiff cannot recover.

" 6. If, at the time the said policy was reinstated the insured in fact had epilepsy, it is immaterial whether or not he knew that he had that disease at that time, and the plaintiff cannot recover."

The rulings were refused. There was a verdict for the plaintiff in the sum of $1,149.26; and the defendant alleged exceptions.

W. I. Badger, Jr., for the defendant.

W. J. Patron, for the plaintiff.

BRALEY, J. The trial court should have ruled as requested by the defendant, that the action could not be maintained.

The policy having lapsed for non-payment of overdue premiums, the insured signed certificates of insurability for reinstatement of the policy, the material part of which is of the following tenor, " I being the person on whose life the within mentioned Policy was issued by the John Hancock Mutual Life Insurance Company . . . hereby request said Company to reinstate said policy which under its terms is now lapsed, upon condition of the truth of the following statements and agreements. Such reinstatement, if made, shall revive any indebtedness to said Company and the lien therefor, existing under said policy at the date of lapse. I hereby certify that I am now in good health and that during the time, including the grace period, since the premium now in default became due, I have had no injury, ailment, illness or disease, nor symptoms of such, neither have I consulted a physician, except as noted below. (Enter on dotted lines any exceptions to the foregoing statements.) None. I have stated all exceptions." The uncontradicted evidence, as the judge instructed the jury, showed, that between July 8, 1917, and August 15, 1917, and between January 8, 1918, and February 12, 1918, the date when the last two certificates were respectively submitted, the insured had been ill and had been treated more or less constantly by a physician for epilepsy from which he never recovered. The statements in the applications in question therefore were false, and ordinarily, the insured having failed to comply with the precedent conditions named in the certificate or application, the policy was not revived as a living enforceable contract under which the plaintiff as the beneficiary could recover. Miles v. Connecticut Mutual Life Ins. Co. 3 Gray, 580. Cobb v. Covenant Mutual Benefit Association, 153 Mass. 176. White v. Provident Savings Life Assurance Society of New York, 163 Mass. 108. Fondi v. Boston Mutual Life Ins. Co. 224 Mass. 6. Ballard v. Globe & Rutgers Fire Ins. Co. 237 Mass. 34.

The plaintiff, however, contends, that the case is taken out of this general rule and is governed by St. 1907, c. 576, § 21, that "No oral or written misrepresentation or warranty made in the negotiation of a contract of policy of insurance by the assured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive or unless the matter misrepresented or made a warranty increased the risk of loss," which is a re-enactment of R. L. c. 118, § 21.    See G. L. c. 175, § 186.    But the applications were not negotiations for a contract of insurance. The policy had been issued and delivered.    It was not a new contract which the insured was negotiating, but the revival of a contract under the conditions prescribed by the company and accepted by him.    The revival if accomplished could only restore the insured to all his rights under the policy, which had not been surrendered, as if he never had been in default.    *Everson* v. *General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169, 172.

The case at bar cannot be distinguished in principle from *Holden* v. *Metropolitan Life Ins. Co.* 188 Mass. 212, decided when § 21 of R. L. c. 118, was in force.    In that case the application for revival of a lapsed policy contained an inquiry whether the insured had been rejected by other insurance companies, which was shown by uncontradicted evidence to have been answered falsely.    It was held that the rulings of the trial judge, that the application for revival was not of itself a policy of insurance, and that the insured prior to the application having been rejected for insurance in other companies the plaintiff could not recover, were correct.

The exceptions must be sustained and judgment entered for the defendant.

*So ordered.*