318

District Court, N. D. Illinois, E. D. July 2, 1928.

No. 6015.

Hamlin, Topliff & Cooper, of Chicago, Ill., for plaintiff.

H. B. Jerry, of Chicago, Ill., for defendant.

WILKERSON, District Judge. This is a suit in equity to rescind for fraud the reinstatement of a policy of life insurance. The case has been reargued. Some authorities, particularly International Life Insurance Co. v. Mowbray (C. C. A. 7) 22 F.(2d) 952, which were not presented at the original hearing have been brought to the attention of the court.

The Illinois statutes provide:

"That from and after January 1, 1908, no policy of life insurance shall be issued or delivered in this state or be issued by a life insurance company organized under the laws of this state, unless the same shall provide the following: * * * (3) That the policy, together with the application therefor, a copy of which application shall be endorsed upon or attached to the policy and made a part thereof, shall constitute the entire contract between the parties and shall be incontestable after it shall have been in force, dur-ing the lifetime of the insured, for two years from its date, except for nonpayment of premiums * * * provided, that the application therefor need not be attached to or made a part of any policy containing a clause making the policy incontestable from date of issue." Smith-Hurd Rev. St. 1927, c. 73, § 261.

The policy in suit provides:

"The policy and the application therefor, copy of which is attached hereto, constitute the entire contract. All statements made by the insured shall in the absence of fraud, be deemed representations and not warranties and no such statement shall avoid the policy or be used in defense to a claim under it unless it is contained in the written application and a copy of the application is indorsed upon or attached to the policy when issued. * * *"

The policy further provides:

"This policy * * * shall be incontestable after two years from its date of issue except for nonpayment of premiums."

The policy contains the provision:

"This policy takes effect as of the 6th day of June, 1923, which date is the anniversary of the policy."

The policy further provides:

"If any premium is not paid on or before the day it falls due the policy holder is in default; but a grace of one month (not less than thirty days) subject to an interest charge of five per cent. per annum will be allowed for the payment of every premium after the first, during which time the insurance continues in force. * * *

"At any time within five years after any default, upon written application by the insured and upon presentation at the Home office of evidence of insurability satisfactory to the company, this policy may be reinstated * * * upon payment of arrears of premiums with 5 per cent. interest thereon from their due date."

The insured did not pay the premium due June 6, 1924, either when due or within 30 days from that date. On August 14, 1924, the insured executed and delivered the following:

"Application to New York Life Insurance Company (2) Home Office: 346 Broadway, New York, N. Y., for Reinstatement of Policy No. 8–483–286 Amount $5,000.00, which lapsed for nonpayment of premium due on the 6 day of June, 1924.

"I hereby apply for the reinstatement of the above numbered policy, and for the purpose of inducing said company to reinstate

said policy and with the understanding that it will rely and act on what I here say, I represent to it that I am now, to the best of my knowledge and belief, in good health; that within the past twelve months I have not had any illness, nor consulted nor been treated by any physician, nor been prevented by illness or accident from continuously pursuing my customary occupation which is the same now as it was when I applied for said policy; that no life insurance company has within the past twelve months examined me either on, or in anticipation of an application for life insurance, or for the reinstatement of life insurance, without issuing or reinstating such insurance; and that no application for insurance on my life is now pending. (If there is any exception or qualification to the above, write it out here fully.)

"If the evidence of my insurability is satisfactory to the company and it has received in cash all sums the policy requires to be paid for reinstatement, then, and not until then, said policy shall be deemed reinstated. If said policy is not so reinstated, I agree to accept return of all sums paid in connection with this application, without interest. * * *"

He received from the company the following:

"Official Premium Receipt. New York Life Insurance Company. Home Office, 346 Broadway, New York, N. Y. Received the payment specified below.

| Amount Due. | Policy Number. | Date Due. |
|---|---|---|
| Premium $155.70 | 8 483 286 A6 | 6 day of June Year 1924 |
| Interest on Loan or Note Or Int. 1.45 | Gustav R. Feicht 554 N Monticello Ave | |
| $157.15 | Chicago Ill. | Ill. |

"Darwin P. Kingston, President.
"Countersigned by E. J. Sailman Cashier Illinois Clearing-House."

Plaintiff seeks rescission of the reinstatement of the lapsed policy on the ground that the statements in the application for reinstatement, that the insured was then, to the best of his knowledge and belief in good health, and that the insured, within 12 months prior to the making of the application, had not consulted or been treated by any physician, nor been prevented by illness from continuously pursuing his customary occupation, which was the same then as it was when he applied for the policy, were false. The right to resort to equity is claimed on the ground

that the reinstated policy was incontestable after two years from June 6, 1924, and that the insurer within the two years must not only initiate a contest, but it must be a judicial contest.

Defendant asserts that the effect of the delivery of the receipt on August 14, 1924, was to restore the original policy, and that its provisions have the same meaning after the restoration that they did on June 6, 1923. Therefore, it is said, the policy was incontestable after two years from June 6, 1923, even on the ground that the reinstatement was induced by fraud. Defendant further urges that, if the application for reinstatement and the delivery of the receipt have the effect of creating a new contract of insurance, whose provisions speak as of June 6, 1924, the provisions of the statute and policy as to the attachment of the application for the insurance are as much a part of the new contract as is the two-year incontestability clause, which is given effect from the date of the new contract, instead of that of the original policy. And so, defendant says, whether the effect of the reinstatement is to continue the old contract of insurance, or to create a new contract of insurance, plaintiff's case fails.

This case cannot be decided by patching together statements of law collected from cases in which courts have proceeded upon divergent theories, and which involve irreconcilable principles. Nor have we solved the question here involved by saying either that the application, payment of premium, and delivery of the receipt created a new contract of insurance, or that it had the effect simply of restoring the old contract. That is mere phraseology, the meaning and application of which depend upon the facts of each case. See Business Men's Assurance Co. of America v. Scott (C. C. A.) 17 F.(2d) 4; International L. I. Co. v. Mowbray (C. C. A.) 22 F.(2d) 952.

This much seems clear: If the effect of the application, payment of premium, and delivery of the receipt was to create a new contract of insurance, the provision as to the attachment of the application is a part of the new contract. It is true that the parties may contract for the reinstatement of a policy, and that the papers constituting that contract need not be annexed to the policy. Keller v. North American Ins. Co., 301 Ill. 198, 133 N. E. 726; Wastun v. Lincoln National (C. C. A.) 12 F.(2d) 422. If, however, the facts connected with the reinstatement are such that there is not a restoration of the old contract, but the creation of an absolutely new

contract of insurance, both the statute and the terms of the policy, which become the terms of the new contract, require that the application shall be annexed to the policy.

The cases last cited above and relied upon by plaintiff both proceeded upon the theory that the effect of the reinstatement was to continue in force the old policy. In Wastun v. Lincoln National Life Insurance Co., etc., supra, it was said:

"After it [the policy] has ceased to be in force, because of nonpayment of the premium, an agreement for a reinstatement of the policy is a new contract. * * * This new agreement is not the issuance of a policy, but a contract for the continuance in force of a former contract." If plaintiff adopts the theory that the effect of the transactions here involved was to create a new contract of insurance, as distinguished from a restoration of the old contract, its case fails.

Let us consider the transactions as creating a contract for the continuance in force or restoration of the policy. That which is continued or restored is the original policy. The incontestability clause speaks from the date of the original policy, and relates to matters connected with the issuance of the original policy. The new contract for the reinstatement of the policy, like any other contract, may be attacked for fraud. The incontestibility clause, however, is no part of the contract for the restoration of the policy. It is a provision of the restored contract. Pacific Mutual Life Insurance Co. v. Galbraith, 115 Tenn. 471, 91 S. W. 204, 112 Am. St. Rep. 862, and kindred cases, proceed upon the theory that the reinstatement created an absolutely new contract of insurance. Here we see the fallacy in attempting to solve this question by patching together extracts from cases decided upon irreconcilable principles. ■ Upon a reconsideration of the question involved in this case I have reached the conclusion that the application, acceptance of premium, and issuing of the receipt constituted a contract for the restoration of the original policy; that such contract, like any other, may be attacked for fraud. As to the manner in which the attack may be made I shall be of the opinion, until some court whose opinion I am obliged to follow holds to the contrary, that the opinion of Judge Cochran in the District Court (294 F. 122) and the dissenting opinion of Judge Denison in Rose v. Mutual Life Ins. Co. of New York (C. C. A.) 19 F.(2d) 280 announce the correct rule.

■ As to the time within which the attack must be made, it may be that, broadly speaking, the courts will follow the policy of the law as fixed by the statute that insurance policies shall provide that they are incontestable after two years. In this case, however, the insured died within the year following the reinstatement. There is nothing in the statutes of limitation or in the provisions of the contract which prevent the interposition of the defense of fraud in an action at law on the policy. It would seem clear that the beneficiary in an action at law on the policy will not be permitted to claim the benefit of a policy of law established by the statute for her benefit, to prevent a defense which might have been made if the suit had been brought promptly after the death of the insured. In such a suit the insurer, against a claim of public policy, would be entitled to the same standing as it had when the insured died. The plaintiff here has an adequate remedy at law.

The decree in this case will provide that the plaintiff has an adequate remedy at law, and shall have the right to defend any suit on the policy upon the ground that the reinstatement was procured by fraud and that the bill of complaint is dismissed at plaintiff's costs.