## ALPER v. NEW YORK LIFE INS. CO.
### No. 35841.

District Court, N. D. Illinois, E. D.

June 9, 1930.

Brown, Fox & Blumberg, of Chicago, Ill. (Nathan S. Blumberg, of Chicago, Ill., of counsel), for plaintiff.

Hamlin, Topliff & Cooper, of Chicago, Ill. (Homer H. Cooper, of Chicago, Ill., of counsel), for defendant.

WOODWARD, District Judge.

The declaration counts upon a policy of life insurance for $5,000 issued by the defendant to Sam Alper, dated March 14, 1922. Alper died December 11, 1925. The declaration avers that Alper, during his lifetime, complied with all the terms and provisions of the policy. After his death, proofs of his death were submitted, but the defendant refused to pay the amount of the policy. The policy contained the clause that "it shall be incontestible after two years from its date of issue except for nonpayment of premium."

By its special plea the defendant averred that the semiannual premium due on September 1, 1924, was not paid when due, or within the grace period of one month allowed by the policy, whereupon the policy lapsed. The policy contained the provision that "at any time within five years after any default, upon written application by the insured, and upon presentation at the Home Office of evidence of insurability satisfactory to the company, this policy may be reinstated * * * upon payment * * * of premiums with five per cent interest thereon from their due date."

On October 14, 1924, Alper, in compliance with the reinstatement provision above quoted, made his formal application for reinstatement, depositing the amount of the defaulted premium with interest. He then appeared before the company's medical examiner and answered questions contained in a form of application for reinstatement, which application was signed by Alper. The application for reinstatement was accepted. In his application for reinstatement Alper stated that he had never suffered from any ailment or disease of the stomach or intestines, and that he had not consulted with, or been treated by, any physician during the preceding five years for any purpose, except for an inconsequential attack of "flu" in 1918. The plea avers that the statements relative to his health were false, incomplete, untrue, and fraudulent, and made in order to induce the company to accept his application for reinstatement. It avers further that at various times during the five years preceding the delivery of the application he had been in hospitals under care of physicians, and had suffered from diseases of the stomach and colon. After the receipt of proofs of death on January 23, 1926, the falsity of the answers was ascertained, and on April 20, 1926, the company "elected to and did disaffirm and rescind the said contract of reinstatement." Plaintiff demurs to the special plea.

The plaintiff contends that, by its plea, the defendant is contesting the policy of insurance; that by virtue of the reinstatement of Alper a new contract of insurance was not effected, but the reinstatement merely operated to restore the existing policy in full force and vigor and in the same condition as it was immediately before default, particularly including the provision that the policy was to be incontestible two years from its date. If this position is sound, then the special plea is bad. On the other hand, defendant urges that the reinstatement was simply a contract to restore or revive the contract of insurance, and, like any other contract, may be attacked for fraud. If this position is sound, then the special plea is good.

The plea proceeds upon the theory that the policy is good and valid. It makes no assault upon the policy. The plea contests the reinstatement. It challenges the validity of the reinstatement by reason of misrepresentation and fraud practiced on the company by Alper in his application for reinstatement.

Alper failed to pay his premium at the stipulated time or within the grace period provided by the policy. His policy lapsed. The contract was at an end. Liability under it had wholly ceased. The policy could be revived only by consent of the defendant. By virtue of the terms of the original policy, a new written application was required, together with "evidence of insurability satisfactory to the company," before reinstatement could be made. A new contract was possible only as a result of new negotiations. International Life Insurance Co. v. Mowbray (C. C. A.) 22 F.(2d) 952, 954.

New negotiations were instituted. Alper's application for reinstatement constituted the offer. The action of the company in making the reinstatement was the acceptance. Alper paid interest on the overdue premium which is the consideration. The transaction, therefore, has all the elements of a contract—offer, acceptance, and consideration.

The new contract effected, as disclosed by this record, was a contract for the continuance in force of the policy originally issued. It was a contract for the revival or reinstatement of a precedent contract. Wastun v. Lincoln National Life Insurance Co. (C. C. A.) 12 F.(2d) 422, 425; Keller v. North American Life Insurance Co., 301 Ill. 198, 211, 133 N. E. 726; New York Life Insurance Co. v. Rosen, 227 App. Div. 79, 236 N. Y. S. 659; New York Life Insurance Co. v. Buchberg, 249 Mich. 317, 228 N. W. 770, 771; International Life Insurance Co. v. Mowbray (C. C. A.) 22 F.(2d) 952, 954; New York Life Insurance Co. v. Feicht (D. C.) 29 F.(2d) 318.

In the case of New York Life Insurance Co. v. Buchberg, supra, the court say: "The reinstatement of a policy is not a new contract of insurance, nor is it the issuance of a policy of insurance; but rather it is a contract by virtue of which the policy already issued, under the conditions prescribed therein, is revived or restored after its lapse."

In essence, plaintiff must maintain two contracts. One is the contract of reinstate-

958

ment. The other is the original policy as restored by the contract of reinstatement. The plea attacks the contract of reinstatement on the ground of fraud practiced by Alper. The incontestible clause is a part of the restored contract. It is no part of the contract for the restoration of the policy. The new contract for the reinstatement of the policy is subject to be attacked for fraud. New York Life Insurance Co. v. Feicht, supra.

The court is of opinion that the plea is good. Accordingly, the demurrer is overruled.