NATIONAL LIFE & ACCIDENT INSURANCE CO. *v.* NAGEL.

1. INSURANCE—APPLICATION FOR REINSTATEMENT—REPRESENTATION—
   WARRANTY—GOOD HEALTH.
   Statement by insured, in application for reinstatement, that he
   was in good health, made in ignorance of fact that he had
   chronic pulmonary tuberculosis, *held*, representation rather
   than warranty (3 Comp. Laws 1929, § 12427).

2. SAME—CONSTRUCTIVE FRAUD—CANCELLATION.
   Where policy was reinstated on representation of insured that
   he was then in good health, but "was just getting over the
   flu," when in fact he had chronic pulmonary tuberculosis,
   which later caused his death, insurer is entitled to have policy
   canceled, although insured was ignorant of his true condition
   and made said representation without actual intent to deceive.

Appeal from Wayne; Simpson (John), J., presiding. Submitted October 21, 1932. (Docket No. 182, Calendar No. 36,825.) Decided December 6, 1932.

Bill by National Life & Accident Insurance Company, a Tennessee corporation, against Helen Nagel to cancel reinstatement of a life insurance policy. Cross-bill by defendant against plaintiff for full amount of policy. Decree for defendant. Plaintiff appeals. Reversed, and decree entered for plaintiff.

*Oxtoby, Robison & Hull,* for plaintiff.

*Ernest P. LaJoie,* for defendant.

WIEST, J. Plaintiff's bill to cancel reinstatement of a policy of insurance on the life of Julius Henry

Criterion of good health as condition of reinstatement after default, see annotation in 40 A. L. R. 667.

Nagel, for breach of warranty of physical condition and false and fraudulent representations relating thereto, was, upon hearing, dismissed, and recovery of the insurance awarded Helen Nagel, beneficiary, under her cross-bill.

The policy was issued in July, 1925, reinstated in July, 1927, and in August, 1929, and again in February, 1931. The insured died in a sanatorium August 28, 1931, the cause of his death being chronic pulmonary tuberculosis.

An agent of the insurance company visited the insured at his home in February, 1931, and the insured signed the application for reinstatement. The beneficiary claims that the application was signed in blank, and the trial judge so found.

Be that as it may, the fact is admitted by the beneficiary that the agent asked the insured if he was then in good health, and the insured answered that he was, but "was just getting over the flu." The insured had been under a doctor's care, but, at the time of reinstatement, neither he nor the doctor were aware of the fact that he had pulmonary tuberculosis. The representation that he was in good health, except that he was just getting over the flu, was not true in fact, but believed by the insured to be true. This representation was in the printed form of the application for reinstatement, with space left for exception, and in this space the agent wrote "no exception." Had the agent put in the exception that the insured was just getting over the flu it would not benefit plaintiff.

We find no intentional fraud on the part of the insured. We do find, as a fact, that when he stated he was in good health, except that he was just getting over the flu, he then had chronic pulmonary tuberculosis. Does that fact command cancellation

of the reinstatement of the policy? This depends upon whether the statement regarding his health was a warranty by the insured or a misrepresentation sufficient to void action taken by the insurer on the strength thereof.

The distinction between a warranty and a representation was well pointed out in *Eastern Dist. Piece Dye Works, Inc.,* v. *Travelers Ins. Co.,* 234 N. Y. 441 (138 N. E. 401, 26 A. L. R. 1505). The statute of New York provided that:

"Every policy of insurance issued or delivered * * * by any life insurance corporation doing business within the State shall contain the entire contract between the parties; * * * and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties." (27 McKinley's Con. Laws, § 58; Cahill's Consol. Laws, 1930, chap. 30, § 58.)

The Michigan statute, 3 Comp. Laws 1929, § 12427, requires a provision in insurance policies that:

"All statements made by the insured, shall, in the absence of fraud, be deemed representations and not warranties, and that no such statement shall avoid the policy unless it is contained in a written application and a copy of such application shall be indorsed upon or attached to the policy when issued."

The Michigan statute, relative to attaching a copy of the application to the policy when issued, does not apply to reinstatement. *New York Life Ins. Co.* v. *Buchberg,* 249 Mich. 317 (67 A. L. R. 1483).

In the New York case, above cited, the court, after quoting the statute, stated (p. 449):

"The result of this provision is that in order to produce a warranty in an application for insurance

whereof a breach would necessarily and *ipso facto* avoid the policy, the statement claimed to constitute or have the effect of a warranty must be characterized by and include the element of fraud, and which ordinarily would be established by proof that the person making it knew that the statement was false, and wherefrom could be inferred an intent to deceive and cheat. A misstatement, even though stated in the form of a warranty, if made in good faith and without this element of fraud passed into the same class as an ordinary representation and became a defense to the policy only if it was material. On the other hand, the effect of a misrepresentation was left unchanged by the statute. If material it constituted a defense although made innocently and without any feature of fraud; it was sufficient that it was material as an inducement for the issue of the policy and was untrue.''

See, also, *New York Life Ins. Co.* v. *Price* (C. C. A.), 16 Fed. (2d) 660; *Bonewell* v. *North American Accident Ins. Co.*, 167 Mich. 274 (Ann. Cas. 1913A, 847).

We think the statement made by the insured a representation rather than a warranty. It was, in fact, a false representation, but made in ignorance of his true condition, and, therefore, without actual intent to deceive, but it materially affected reviver and continuance of the risk. While the insured did not know that he had tuberculosis, he did know that he had had a succession of attacks of influenza, high temperature, night sweats, and pain in his side, together with annoying expectoration, and that the doctor was in frequent attendance upon him. The representation made materially affected reviver of the lapsed policy, and what we said in *Aposito* v. *Security Benefit Ass'n,* 258 Mich. 507, is applicable here.

We are constrained to reverse the decree, and a decree will be entered in this court canceling the reinstatement of the policy. Plaintiff will recover costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.