## NEW YORK LIFE INSURANCE COMPANY
vs.
## HEDWIG WEGNER

Superior Court          Hartford County          File #56438

MEMORANDUM FILED NOVEMBER 17, 1938.

Watrous, Hewitt, Gumbart & Corbin, of New Haven, for the Plaintiff.

Milton M. Koskoff, of Plainville; Pelgrift & Blumenfeld, of Hartford, for the Defendant.

CORNELL, J. The defendant is the named beneficiary in a contract of life insurance made by the plaintiff with her son, William C. Wegner, evidenced by a policy in the sum of $1,000 issued to the latter on June 5, 1933. This contains the following provision: "This policy may be reinstated at any time within five years after any default, upon presentation at the Home Office of evidence of insurability satisfactory to the company and payment of overdue premiums with six per cent interest thereon from their due date. Any indebtedness to the company at date of default must be paid or reinstated with interest thereon in accordance with the loan provisions of the policy."

The complaint alleges that the "policy lapsed because of non-payment of a premium which became due on June 5, 1935" and that on July 18, 1935, the insured applied in writing for its reinstatement under the provision quoted and in so doing, "represented that he had not had any illness, diseases or bodily injuries and had not consulted or been treated by any physician . . . during the preceding two years and further certified that his answers were full, complete and true and agreed that the plaintiff, believing them to be true should rely and act thereon." It is then recited that, in fact, the insured was, at the time he made these representations, suffering from chronic nephritis and that within a period of two years next prior thereto he had consulted, and had been treated by, a physician. By reason of these allegations, joined with others appropriate thereto, the plaintiff, together with other relief, demands that the policy be declared void and that the same be ordered to be delivered up for cancellation.

A special defense filed by the defendant predicates on a provision of the policy which reads as follows: "The policy and the application therefor, copy of which is attached hereto, constitute the entire contract. All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties and no statement shall avoid the policy or be used in defense of a claim under it, unless it is contained in the written application and a copy of the application is endorsed upon or attached to the policy when issued...." To this the plaintiff demurs, assigning as a reason therefor: "that the provision of the policy set forth in paragraph 6 does not refer to fraud in an application for *reinstatement* of a lapsed policy." The proposition of law underlying this con-

tention is that the provision in question has reference only to the application for the original issuance of the policy and so is without effect upon a statement made by an insured in the presentation of evidence of insurability when seeking reinstatement of a lapsed policy.

Although there is no allegation in either the complaint or answer that the policy was not delivered in connection with the application for reinstatement to the insurer's home office and then redelivered to the insured with the application for reinstatement attached thereto, both parties assume in their briefs that the application for reinstatement has never been annexed to the policy—a fact which is evidenced by the copy of the latter made "a part of the record as Exhibit 'A'." The same assumption will, hence, be made here. The question presented was decided upon a policy issued by the plaintiff here, containing provisions of substantially, if not identically the same purport as referred to, supra. It was held "that the requirement that the application be endorsed upon or attached to the policy was clearly not intended to apply to an application for reinstatement." *DeValpine vs. New York Life Ins. Co.,* —Mo. App.—, 105 S.W. (2d) 977. This is the only case which the court's own research has discovered or to which counsel have called attention, decided in a jurisdiction where, as in Connecticut, the provision in question or one of comparable intendment was not required by statute, but where, nevertheless, it was contained in the policy. In several states, however, where statutory provisions demand that the same, or similar, provisions be inserted in actuality or by force of such statutes, the same conclusion has been reached. *New York Life Ins. Co. vs. Buchberg,* 249 Mich. 317, 228 N.W. 770, 67 A.L.R. 1483 *National Life & Accident Ins. Co. vs. Nagel,* 260 Mich. 635, 245 N.W. 540; *Linder vs. Metropolitan Life Ins. Co.,* 148 Tenn. 236, 255 S.W. 43; *Duncan vs. Penn. Mut. Life Ins. Co.,* —Tenn. App.—, 65 S.W. (2d) 882; *Holden vs. Metropolitan Life Ins. Co.,* 188 Mass. 212, 74 N.E. 337. A number of cases which are cited as holding contrariwise are collected in a note in 67 A.L.R. 1489, at pp. 1491, 1492. On examination, it appears that these are based upon constructions of local statutes differing in phraseology from those referred to supra and from each other. They derogate, little, if at all, from the conclusions reached in the authorities quoted or cited supra concerning the provision under instant consideration.

The weight of authority in point, as well as what seems to

be the better reasoning underlying it, is decisive of the contention advanced in the demurrer and sustains it. The questions of whether the incontestable clause is applicable to the situation disclosed by the pleadings at the current juncture and its effect, if any, upon the matter here involved, if it is applicable, is not within the purview of the demurrer, which is one directed to a single special defense only.

Demurrer sustained.