GIUSEPPE FONDI *vs.* BOSTON MUTUAL LIFE INSURANCE COMPANY.

Essex.    November 17, 1915. — May 15, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Insurance,* Life.    *Evidence,* Presumptions and burden of proof, Best evidence, Public records.    *Practice, Civil,* Rulings and instructions, Exceptions, Verdict.

In an action upon a policy of life insurance containing a provision which reads, "Conditions. Provided, however, that no obligation is assumed by said Company prior to the date hereof, nor unless on said date the insured is alive, in sound health . . . ," proof that on the date of the policy the insured was in sound health is a condition precedent to recovery, and the burden of proving compliance with that condition rests upon the plaintiff.

Proof of the performance of a condition precedent of a policy of life insurance is not affected by St. 1907, c. 576, § 21, providing in substance that "No . . . warranty made in the negotiation of a . . . policy of insurance by the assured . . . shall be deemed material or defeat or avoid the policy . . . unless . . . made with actual intent to deceive or unless the matter . . . made a warranty increased the risk of loss."

An error of a judge presiding at the trial of an action upon a policy of life insurance, in instructing the jury that the burden of proof rested upon the defendant to show that the policy had been avoided by breach of a condition precedent that at its date the insured was in good health, is not cured by a further instruction that, if it appeared to the minds of the jury that the insured "was not in sound health at the time when the policy was taken out, then by the express terms of the policy there could be no recovery."

It is proper, at the trial of an action upon a policy of life insurance where a material issue is, whether the insured at the date of the policy was in sound health, to refuse to admit as evidence a copy of a card, the original of which had been destroyed, which was kept by the State board of health, not as a public record in the sense of R. L. c. 35, § 5, but as a part of the board's voluntary activities without legislative requirement, and which purported to state that a sample of sputum of the insured had been examined by the bacteriologist and found to be tuberculous, especially when it does not appear that the bacteriologist who made the test might not be called as a witness.

If a jury, in an action where the plaintiff is entitled to interest, return a verdict for the plaintiff in a certain sum "with interest," the presiding judge has power, before the verdict is recorded, to order the amount of the verdict to be amended by the addition of interest.

RUGG, C. J.    This is an action of contract whereby the plaintiff seeks to recover on two policies of insurance on the life of Edwardo Contestabile.    Each policy contained among other condi-

tions the following: "Conditions. Provided, however, that no obligation is assumed by said Company prior to the date hereof, nor unless on said date the insured is alive, in sound health. . . ." There was evidence tending to show that on the date of each policy the insured was not in sound health, but was suffering from tuberculosis. In this state of the evidence the jury were instructed that "The burden of proof in this case to show that this policy has been avoided by breach of the condition referred to rests upon the defendant. That is, unless he satisfies you by a fair preponderance of the evidence that the conditions of the policy are broken, then you should bring in a verdict for the plaintiff." Exception was saved to this instruction.

The instruction was erroneous. The correct principle of law was called to the attention of the presiding judge [*] by the defendant's requests for rulings, to the effect that, in order to recover, it was necessary for the plaintiff to show as to each policy by a fair preponderance of the evidence that on its date the insured was in sound health. When it is made a condition precedent to the taking effect of a policy of insurance as a binding contract, that the insured shall be in sound health on its date, then the burden of proving compliance with that condition rests on the plaintiff. *Barker* v. *Metropolitan Life Ins. Co.* 188 Mass. 542, 547. *Lee* v. *Prudential Life Ins. Co.* 203 Mass. 299, 301. *Everson* v. *General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169, 172, 173. Proof of performance of a condition precedent of the policy is not affected by St. 1907, c. 576, § 21, to the effect that "No . . . warranty made in the negotiation of a . . . policy of insurance by the assured . . . shall be deemed material or defeat or avoid the policy . . . unless . . . made with actual intent to deceive or unless the matter . . . made a warranty increased the risk of loss." The distinction between a warranty and a condition precedent in connection with a contract is plain.

The error of the misdirection touching the burden of proof was not cured by the further instruction that if it appeared to the minds of the jury "that the man was not in sound health at the time when the policy was taken out, then by the express terms of the policy there could be no recovery." This sentence contains no reference to the burden of proof.

---

[*] *Fox*, J.

Requests twelve and thirteen, to the effect that if the insured had some disease of the lungs on the date of either policy, there could be no recovery, were given in substance.

A physician who had examined the insured during December, 1908, when the policy of earlier date was issued, testified to sending some sputum, given him by the insured, to the State board of health. The defendant, through one of its employees, then offered in evidence a copy of a card from the office of that board, together with evidence that he had seen the original which had been destroyed. The card with its inferences appeared to show that the sputum sent by the examining physician had been tested by the "bacteriologist" and found to be tuberculous. It appeared that examinations and records of this sort were made and kept by the State board as a part of its voluntary activities without legislative requirement. It was not a public record in the sense of R. L. c. 35, § 5. It did not appear that the bacteriologist who made the test might not have been called as a witness. *Cashin* v. *New York, New Haven, & Hartford Railroad,* 185 Mass. 543, 546. It did not relate to matters as to which records were required to be kept. *Butchers Slaughtering & Melting Association* v. *Boston,* 214 Mass. 254, 259. This copy was excluded rightly. *Allen* v. *Kidd,* 197 Mass. 256, 259. *P. Garvin, Inc.* v. *New York Central & Hudson River Railroad,* 210 Mass. 275, 279. *Commonwealth* v. *Borasky,* 214 Mass. 313, 317. *Jewett* v. *Boston Elevated Railway,* 219 Mass. 528, 532. *Nichols* v. *Commercial Travellers' Eastern Accident Association,* 221 Mass. 540, 547.

The plaintiff was entitled to interest on the verdict. The jury returned a verdict for a sum "with interest." * While they were

---

* The full statement in the bill of exceptions of the facts as to the amendment of the verdict is as follows: "The jury returned a verdict for the plaintiff on the first and second counts of the plaintiff's declaration, which said verdict was sealed as the court had adjourned while the jury were deliberating. When the court came in the following morning the jury were all present and the foreman announced the verdict in the usual manner, which said verdict read as follows: 'The jury finds for the plaintiff in the sum of seven hundred fifty dollars ($750) with interest.' The court instructed the following words to be added after the word 'interest' to the finding of the jury: 'Amounts to 87 and 75-100 making in all 837 and 75-100.' The jury then affirmed the verdict. Counsel for the defendant duly excepted to the amending of the verdict after the jury had separated."

in their seats and before the verdict was recorded, it was amended by direction of the judge by the addition of interest, which then was affirmed by the jury and recorded. In this there was no error. *Minot* v. *Boston*, 201 Mass. 10. *Whitney* v. *Commonwealth*, 190 Mass. 531, 540. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 387, 388.

*Exceptions sustained.*

*J. P. S. Mahoney*, for the defendant.
*M. A. Sullivan*, for the plaintiff.