## COMPETENCY OF A PHYSICIAN'S REPORT UNDER THE HEARSAY RULE.

Common Pleas Court of Hamilton County.

WILLIAM CASSIDY V. CINCINNATI TRACTION CO.

Decided, April Term, 1917.

*Evidence—Report of Receiving Physician at Hospital Admissible, When —Exemptions to the Hearsay Rule.*

1. Statutory provision for the maintenance and control of a free public hospital by a municipality, with authority in the director of public safety to provide rules and regulations for its government, and a rule requiring the receiving physician to make a written report of each case with his diagnosis, renders such a report a public document or record, and therefore admissible in evidence.

2. But were such a record not a public document in the usual meaning of that term, it would still be a record made by the receiving physician in the usual course of his business and as a part of his duties and, in the absence of such physician from the state, proof that the record is in his handwriting would make its admission competent under the exceptions to the hearsay rule.

*John C. Rogers*, for plaintiff.
*James G. Stewart*, contra.

MAY, J.

Motion for new trial.

This was an action for personal injuries against the defendant company for negligently running down the plaintiff at a street crossing. The jury, by unanimous verdict, found for defendant.

The principal error complained of is the admission over objection of plaintiff of the record of the Cincinnati Hospital, showing the admission of the plaintiff on a Saturday night, with the diagnosis, "Acute Alcoholism," and his discharge the following morning. The clerk of the hospital, in whose charge the record was, testified that he was familiar with the handwriting of the receiving physician who made the same and that the physician was not in the state and had left for parts unknown.

The plaintiff contends that the record was not a public document or a public record, because there was no legislative authority for the keeping of such a record, and cites in support of his contention, *Fondi* v. *Boston Mut. L. Ins. Co.,* 224 Mass., 6, 8; *Richmond* v. *Patterson,* 3 Ohio, 369; *Durfee* v. *Abbott,* 61 Mich., 471. The Massachusetts and one of the New York cases sustain the contention of the plaintiff; the other cases are easily distinguishable from the case at bar.

I am of the opinion that there is legislative authority for the keeping of such a record, making it a public record. Section 4021, General Code, provides that the council of each municipality annually may levy and collect a tax to maintain a free public hospital; and Section 4035, General Code, provides that the director of public safety shall have the entire management and control of such hospital, and shall establish rules for its government, and the admission of persons to its privileges. The evidence of the clerk was to the effect that there was a rule requiring the receiving physician to report a history of the case and his diagnosis. It therefore seems to me that these statutory provisions taken together with the rule of the director of public safety make the record admitted in the evidence, over the plaintiff's objection, a public document in the sense in which that term is used in the cases.

If, however, such a record is not a public document within the usual meaning of that term, I am of the opinion that the record was one made in the usual course of business by the receiving physician, and as part of his duties and therefore was admissible, proper proof having been produced that it was in his handwriting, made by him in the usual course; and that he was absent from the state, under the general rule that entries or records made in the usual course of business by one whose duty it is to make the same, are exceptions to the hearsay rule. See Wigmore on Evidence, Sections 1521 and 1522, and cases cited.

Even if there was error in the admission of this record, I do not think it was prejudicial error, when the whole record in this case is taken into consideration.

For these reasons the motion will be overruled.