FAY SHURDUT *vs.* JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY.

Suffolk.   January 8, 27, 1947. — January 31, 1947.

Present: FIELD, C.J., LUMMUS, RONAN, & SPALDING, JJ.

*Insurance*, Life insurance: reinstatement. *Evidence*, Presumptions and burden of proof, Declaration of deceased person. *Practice, Civil*, Pre-trial procedure.

Admission in evidence, at the trial of an action upon a policy of life insurance alleged to have been reinstated after it had lapsed, of the insured's application for reinstatement was essential to proof of the continuation of the contract, and, where the record disclosed that no evidence was received excepting the policy, the application and a death certifi-

cate, and there was nothing to indicate that "statements" in the application concerning the insured's health, "upon condition of the truth of" which the policy was reinstated, were offered or received by the trial judge as declarations of a deceased person under G. L. (Ter. Ed.) c. 233, § 65, as appearing in St. 1943, c. 232, § 1, and the judge ordered entry of a verdict for the defendant under leave reserved, it could not be inferred that the judge had found that the "statements" were made in good faith as required by the statute, or that they were received as themselves evidence of their own truth thereunder.

The burden was on the plaintiff, at the trial of an action upon a policy of life insurance alleged to have been reinstated after it had lapsed, to prove the truth of statements concerning the insured's health in his application for reinstatement, "upon condition of the truth of" which reinstatement was granted; in the absence of such evidence, a verdict properly was entered for the defendant.

The provisions of G. L. (Ter. Ed.) c. 175, § 186, do not apply to statements concerning his health made by an insured in an application for reinstatement of a lapsed policy of life insurance, reinstatement of which was expressly conditioned upon the truth of such statements.

The provisions of G. L. (Ter. Ed.) c. 175, § 132, cl. 11, do not apply where the insured under a lapsed policy of life insurance applies for a reinstatement thereof which is conditioned upon the truth of statements concerning his health contained in his application.

The defendant in an action upon a policy of life insurance alleged to have been reinstated after it had lapsed, whose answer contained an allegation in effect denying the truth of "statements" by the insured as to his health in the application for reinstatement, by agreeing at a pretrial that the policy was "in full force . . . except as" it "may have" been affected by any misrepresentations in the" application "as set out in the answer," did not surrender a right to require the plaintiff to sustain the burden of proof of the truth of such "statements," upon condition of the truth of which the reinstatement was to become effective.

CONTRACT. Writ in the Superior Court dated November 22, 1944.

The answer contained the following allegation: "And the defendant says that the insured was not in good health during the period specified in the said application for reinstatement, and had received medical treatment during the said period."

The case was tried before *Burns*, J. It appeared that the plaintiff offered the policy in evidence. The defendant's counsel then handed to counsel for the plaintiff the original of the reinstatement application suggesting that it be attached to the policy. Counsel for the plaintiff stated that

he had no objection to this being done and thereupon the application for reinstatement was marked as an exhibit. The plaintiff then introduced death certificates and both parties rested.

After the recording of a verdict for the plaintiff subject to leave reserved to order entry of a verdict for the defendant, such order was made. The plaintiff excepted.

*J. .H. Cinamon*, (*F. G. Lichtenstein* with him,) for the plaintiff.

*J. W. Mahoney*, (*S. L. Kaplan* with him,) for the defendant.

LUMMUS, J. On February 15, 1943, the defendant issued a policy of life insurance to Leo Meltzer, payable upon his death to the plaintiff, then his wife, as beneficiary. The policy lapsed thirty-one days after August 15, 1943, because of the nonpayment of a premium due on that day. A few days later, on September 25, 1943, Meltzer signed an application for the reinstatement of the policy "upon condition of the truth of the following statements" made by him in his application. Those "statements" were that Meltzer "is now in sound health" and has had no "injury, ailment, illness or disease, or symptoms of such," and "has not consulted or been treated by a physician or any other practitioner." The application provided that "no reinstatement of said policy shall be effective if any of the foregoing declarations are untrue or incomplete." Upon that application, the defendant treated the policy as reinstated as of September 29, 1943. Meltzer died on July 11, 1944.

At the trial, there was no evidence of the truth of the declarations contained in the application for reinstatement, unless those declarations, made by a person who died before the trial, are themselves evidence of their own truth, under G. L. (Ter. Ed.) c. 233, § 65, as appearing in St. 1943, c. 232, § 1. Whether such declarations could ever be received as evidence of their own truth, was left open in *Lee v. Prudential Life Ins. Co.* 203 Mass. 299, 303. If they could have been, the judge, before receiving them, would have had to find that they were "made in good faith." · *Hasey v. Boston*, 228 Mass. 516. *McSweeney* v. *Edison Electric Illu-*

*minating Co.* 228 Mass. 563. *Matter of Keenan,* 287 Mass. 577, 584. It is true that the admission in evidence of a declaration that might be admissible under the statute ordinarily imports a finding by the judge of the facts required to make it admissible, including the fact that it was made in good faith. *Rothwell* v. *First National Bank,* 286 Mass. 417, 420. *O'Brien* v. *Bernoi,* 297 Mass. 271, 274. *Tafralian* v. *Metropolitan Life Ins. Co.* 316 Mass. 429, 431. But in the present case the application was necessarily in the case as a part of the insurance contract. Nothing indicates that the declarations contained in it were offered or received under the statute as evidence of their own truth. On the contrary, the action of the judge in entering a verdict for the defendant as matter of law indicates that those declarations were never admitted under the statute, and that a finding that they were made in good faith is not to be inferred from the reception of the application in evidence. See *Glidden* v. *United States Fidelity & Guaranty Co.* 198 Mass. 109, 114. The case remains bare of evidence as to the truth or falsity of the declarations made in the application for reinstatement.

Frequently, where there is evidence warranting a finding either way upon an issue, a ruling as to the burden of proof raises a question of theoretical, but of doubtful practical, importance. But where, as in this case, there is a complete absence of evidence upon a decisive issue, the party having the burden of proof upon that issue must lose.

The construction to be put upon the application for reinstatement in the present case is well settled in this court. When the application was made, the policy had lapsed, and the defendant was subject to no liability or obligation under it. The reinstatement of the policy was expressly made conditional upon the truth of the statements made in the application for reinstatement. That condition was a condition precedent to the resumption of obligation on the part of the defendant. Unless that condition was satisfied by the actual truth of those statements, there was no resumption of obligation, and no legal reinstatement of the policy. The burden was on the plaintiff to prove by evidence that

those statements were true and that consequently the reinstatement became effective. *Reidy* v. *John Hancock Mutual Life Ins. Co.* 245 Mass. 373. *Clark* v. *Mutual Life Ins. Co.* 251 Mass. 1, 6. *Kukuruza* v. *John Hancock Mutual Life Ins. Co.* 276 Mass. 146, 150, 151. *Burke* v. *John Hancock Mutual Life Ins. Co.* 290 Mass. 299, 301. *Santarpio* v. *New York Life Ins. Co.* 301 Mass. 207, 209. *Bogosian* v. *New York Life Ins. Co.* 315 Mass. 375, 381.

The provisions of G. L. (Ter. Ed.) c. 175, § 186, that misrepresentation or breach of warranty in the negotiation of a policy of insurance shall not defeat or avoid the policy or prevent its attaching unless there is an intent to deceive or an increase in the risk of loss (*Metropolitan Life Ins. Co.* v. *Burno,* 309 Mass. 7, 11), do not apply where the truth of certain statements is made a condition precedent to the reinstatement of a policy. *Clark* v. *Mutual Life Ins. Co.* 251 Mass. 1, 5. *Umans* v. *New York Life Ins. Co.* 259 Mass. 573, 576. *Lopardi* v. *John Hancock Mutual Life Ins. Co.* 289 Mass. 492, 495–497. See also *Fondi* v. *Boston Mutual Life Ins. Co.* 224 Mass. 6, 7; *Ballard* v. *Globe & Rutgers Fire Ins. Co.* 237 Mass. 34; *Giannelli* v. *Metropolitan Life Ins. Co.* 307 Mass. 18, 22.

The plaintiff relies upon G. L. (Ter. Ed.) c. 175, § 132, cl. 11, as immaterially amended by St. 1933, c. 101, § 1, and by St. 1943, c. 227, § 6, requiring a policy of life insurance to contain in substance a provision that the insured "shall be entitled to have the policy reinstated at any time within three years from the date of default . . . upon the production of evidence of insurability satisfactory to the company and the payment of all overdue premiums" and other indebtedness, with interest. The plaintiff contends that under that provision the insured was entitled to an unconditional reinstatement "upon the production of evidence of insurability satisfactory to the company" and the performance of the other statutory conditions. If the insured had that right, we need not consider by what means he could have obtained an unconditional reinstatement of the policy against the will of the company. In the present case no such reinstatement was effected. What the insured sought and

obtained was a reinstatement of the policy subject to a condition precedent which is not shown to have been satisfied.

Finally, the plaintiff contends that the pre-trial order, made under Rule 57A of the Superior Court (1932), effected a change in the burden of proof. In that order it was stipulated that "it is agreed that the policies were outstanding and in full force and effect on the date of the death of the insured except as they may have been affected by any misrepresentations in the applications for the policies or for the reinstatement of the policies as set out in the answer of the defendant." The answer relied on a breach of the condition precedent upon which the reinstatement rested. In the stipulation above quoted the defendant, in our opinion, did not surrender the right to require the plaintiff to bear the burden of proof of the truth of the declarations contained in the application for reinstatement. See *Fanciullo* v. *B. G. & S. Theatre Corp.* 297 Mass. 44; *Capano* v. *Melchionno*, 297 Mass. 1, 14, 15; *R. Dunkel, Inc.* v. *V. Barletta Co.* 302 Mass. 7; *Gurman* v. *Stowe-Woodward, Inc.* 302 Mass. 442; *Mitchell* v. *Walton Lunch Co.* 305 Mass. 76; *Lishner* v. *Bleich*, 319 Mass. 350; *Doherty* v. *Shea, ante,* 173, 174.

In our opinion there was no error in the entry under leave reserved of a verdict for the defendant.

*Exceptions overruled.*