Zottoli, J.
This is an action of contract in which the plaintiff seeks to recover money alleged to be due on a life insurance policy issued to one William C. Connolly on March 17, 1943, in which the plaintiff is named as beneficiary. The defendant’s answer, so far as is now material, admits the issuance of the policy, but alleges it was void because certain conditions precedent to its validity had not been complied with by the assured.
The policy was admitted in evidence at the trial and its terms are not in dispute. It is admitted that it was issued by the defendant to the assured, and that the plaintiff is the beneficiary named therein.
It appears from the report that the right to recover under the policy was contestable, and that there was no waiver of its provisions by the defendant. On the first page of the policy the following provision appears, “the insurer grants this insurance . . . subject to the conditions and provisions on this and the three following pages which are hereby made a part of this policy.” Among the *9 provisions on page three of the policy the following appears, “Policy When Void. This policy shall be void if on its date of issue the insured was not in sound health or if prior to said date the insured . . . had any . . . cancer, sarcoma, or any disease of the heart or kidneys, or if, within two years prior to said date the insured was attended or treated by any physician or other practitioner, or attended any hospital or institution of any kind engaged in the cure or care of bodily or mental disease, for any serious disease, complaint or surgical operation.”
At the trial “the defendant conceded that it had received all proper proof under the policy; that all premiums had been paid, and that the policy had been returned to it after the death of the assured.” It appears from the evidence reported that the assured “died in the hospital at the State Farm in Bridgewater, Massachusetts; that he had been in the hospital one half day; that the date of his death was March 2, 1944,' and the cause Oedema of brain, Narcotism, chronic and acute;” and that “Dr. John L. Louge ... an eye, nose, and throat specialist . . . had a patient named William J. Connolly (who on the evidence reported could have, been found to have been the insured) whom he saw February 23, 1943.”
It is apparent from the report that the foregoing was all the material evidence presented at the trial. At the close of the evidence the defendant duly presented twelve requests for rulings. The court denied the defendant’s requests numbered 1, 2, 3, 7, 8, 9 and 10 and allowed its requests numbered 4, 5, 6, 11 and 12. It will serve no useful purpose to set out these requests in detail.
It appears from the court’s findings, rulings, and its treatment of the defendant’s requests that the primary issue presented for review by this division is whether the court erred in refusing to rule that a finding for the defendant was mandatory on the evidence before it.
*10 In passing on the defendant’s requests the trial judge in substance stated that ‘ ‘ since there was no medical explanation of Oedema of brain and narcotism, chronic and acute, of the nature or cause or probable beginning' or ending ... if these words have any bearing on the condition of the insured approximately a year before, it is merely a suspicion, surmise or conjecture, and that if it could be called evidence, it is a scintilla not considered. ... I therefore conclude that the case is left in my hands, technically with no affirmative evidence as to the health of the insured at or before the date of issue. I rest my finding* for the plaintiff on presumption. Payne v. R. H. White Company, 314 Mass 63. On the presumption that unless otherwise shown a person is in normal health, I find that the insured was in sound health on the date of the issue of the policy.
‘ ‘ On the same presumption I find that the insured did not have cancer or sarcoma prior to the date of issue of the policy.
“If the question were raised, on the same presumption as to the insured’s good health, and the presumption as to sanity, etc., I would find that within two years prior to the date of the issue of the policy the insured was not attended or treated by any physician or other practitioner, and had not attended any hospital or institution of any kind engaged in the cure or care of bodily or mental disease, for any serious disease, complaint or surgical operation.”
In view of the conclusion we have reached on the questions presented by this report, it may be useful to trace the legal path leading to it.
At the outset it may be noted that the evidence reported does not contain any medical explanation of “Oedema of brain, Narcotism, chronic and acute,” nor of the cause, nature or probable beginning or ending of the condition so described. The court could not take judicial notice of *11 the causes of death set out in the certificate, nor of their start and duration. This was subject matter of expert testimony. Smardon v. Metropolitan Life Ins. Co., 243 Mass. 599, 602; Foss v. Mutual Life Ins. Co. of N. Y., 247 Mass. 10, 15.
It has been well said that “a policy of insurance is a contract in writing. It is construed and interpreted according to the fair and reasonable meaning of the words in which the agreement of the parties is expressed. When for any reason there is ambiguity in the terms employed in the policy, every doubt is to be resolved against the insurer and in favor of the assured.” But, “when a contract has been made, plain in its words and free from doubt as to its meaning, the parties must be held to be bound even though the result may seem to be hard upon one or both of them. The contract must be enforced according to its terms.” Koshland v. Columbia Ins. Co., 237 Mass. 467, 471, 472; Rezendes v. Prudential Ins. Co., 285 Mass. 505, 511. It needs no citation of authorities to demonstrate that as in case of any other contract, parties have a right to agree upon conditions precedent to the validity of a policy of insurance.
It is well established that when a matter is made a condition precedent to the taking effect of a policy of insurance, the burden of proving compliance with that condition rests on the plaintiff. Clark v. Mutual Life Ins. Co. of N. Y., 251 Mass. 1, 6; Fondi v. Boston Mutual Life Ins. Co., 224 Mass. 6, 7; Reidy v. John Hancock Mutual Life Ins. Co., 245 Mass. 373; Kukuruza v. John Hancock Mutual Life Ins. Co., 276 Mass. 146, 150, 151; Burke v. John Hancock Mutual Life Ins. Co., 290 Mass. 299, 301; Santarpio v. N. Y. Life Ins. Co., 301 Mass. 207, 209; Bogosian v. N. Y. Life Ins. Co., 315 Mass. 375, 381; Shurdut v. John Hancock Mutual Life Ins. Co., 320 Mass. 728, 731.
It is also well established that the provisions of G. L. (Ter, Ed.) c. 175, §186 do not apply where the truth of *12 certain statements is made a condition precedent to the taking effect of the policy. Clark v. Mutual Life Ins. Co. of N. Y., 251 Mass. 1, 5; Lopardi v. John Hancock Mutual Life Ins. Co., 289 Mass. 492, 494, 495; Shurdut v. John Hancock Mutual Life Insurance Co., 320 Mass. 728, 732.
While it is true that most, if not all of the cases above cited were founded on so-called “reinstatement contracts” it is also true that the principles stated in said cases are also applicable to and govern original contracts of insurance. Lopardi v. John Hancock Mutual Life Ins. Co., 289 Mass. 492, 497.
It is apparent from the court’s treatment of the defendant’s requests that it recognized the existence of these principles. It also appears from the report that the trial judg’e was aware of the fact that the case was left in his “hands technically with no affirmative evidence as to the health of the insured at or before the date of issue”, and rested his “finding for the plaintiff on presumption. . . . On the presumption that unless otherwise shown a person is in normal health” the court found “that the assured was in sound health on the date of the issue of the policy.”
It thus appears that the crucial point in the case is whether a court, in the absence of affirmative evidence, is justified in positing a finding for the plaintiff on the alleged presumption. We believe that this question is no longer an “open question,” and that our Supreme Judicial Court has ruled that in the absence of affirmative evidence to the effect that the conditions precedent in an insurance contract have been complied with or waived, a finding for the plaintiff is not warranted.
In the case of Shurdut v. John Hancock Mutual Life Insurance Co., 320 Mass. 728 at page 731, in dealing with conditions precedent in an insurance policy the court stated: “That condition was a condition precedent to the policy taking effect. Unless that condition was satisfied by *13 the actual truth of those statements there was no valid policy. The burden was on the plaintiff to prove by evidence that those statements were true, and that consequently the policy became effective.”
In the case of Clark v. Mutual Life Insurance Co., 251 Mass. 1 at page 6, the court in dealing with the subject matter in question stated, “there being no evidence warranting a finding that the insured had complied with the conditions precedent mentioned . . . the finding for the plaintiff was not warranted.”
In the case of Kukuruza v. John Hancock Mutual Life Insurance Co., 276 Mass. 146 at page 151, in dealing with similar conditions stated, “There is no affirmative evidence of the statements in the certificate, and there was some evidence that these statements were false, judgment must be entered for the defendant.”
Under these circumstances we must conclude that the trial judge erred in his refusal to rule that the evidence did not warrant a finding for the plaintiff.
In view of the conclusion we have reached we deem it unnecessary to pass on other issues raised by the parties. It follows from what has been above stated that the order should be and therefore is finding for the plaintiff vacated. Judgment for the defendant ordered.