EDWARD F. CONNOLLY *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Suffolk.    April 7, 1948. — May 5, 1948.

Present: QUA, C.J., RONAN, SPALDING, & WILLIAMS, JJ.

*Insurance,* Life insurance: conditions. *Evidence,* Presumptions and burden of proof, Of sound health. *Words,* "Proof," "Sound health."

A finding, that a claimant under a life insurance policy had satisfied the burden, placed upon him by the provisions of the policy, of proving that the insured was in sound health when the policy was issued, was not warranted where, while it was shown that the insured was alive when the policy was issued, there was no evidence "one way or the other" as to his health at that time.

CONTRACT. Writ in the Municipal Court of the City of Boston dated February 21, 1945.

The action was heard by *Carr,* J.

*M. Cook,* for the plaintiff.

*R. C. Evarts,* for the defendant.

WILLIAMS, J. This is an action of contract, brought in the Municipal Court of the City of Boston, to recover $450 on an industrial life insurance policy issued March 17, 1943, by the defendant on the life of William J. Connolly, then a man forty-four years of age. After a finding for the plaintiff,

the beneficiary named in the policy, the case was reported to the Appellate Division which ordered the finding for the plaintiff to be vacated and judgment to be entered for the defendant. From these orders the plaintiff has appealed.

The policy provided that it "shall be void if on its date of issue the insured was not in sound health, or if prior to said date, the insured . . . had . . . cancer, [or] sarcoma, . . . or if, within two years prior to said date, the insured was attended or treated by any physician or other practitioner, or attended any hospital or institution of any kind engaged in the cure or care of bodily or mental disease, for any serious disease." In its answer the defendant, after stating these provisions of the policy, denied that on the date of the issuance of the policy the insured was in sound health, and asserted that prior to the said date the insured had cancer or sarcoma and within two years prior thereto had been attended or treated by a physician and had attended a hospital for a serious disease.

The insurance policy was offered in evidence, and a witness testified that the insured applied for the policy on March 1, 1943, making an initial premium payment of $1. The policy was issued on the following March 17. A death certificate was introduced showing that the insured died in the hospital at the State farm in Bridgewater on March 2, 1944, after being an inmate for one half day, and that the cause of death was "Oedema of brain. Narcotism, chronic and acute." There was no other material evidence. The defendant conceded that it had received proper proof of death under the policy, that all premiums had been paid, and that the policy had been returned to it after the death of the insured.

At the conclusion of the evidence the defendant presented twelve requests for rulings. In accordance with requests numbered 4, 5, 6, 11, and 12, the judge ruled that the burden of proof was upon the plaintiff to show: that the insured was in sound health when the policy was issued; that the insured was not attended or treated by any physician for any serious disease, complaint or surgical operation within two years prior to the date of issue of the policy; that the

insured had not had cancer or sarcoma prior to the date of issue of the policy; and that the policy was not incontestable.  The judge denied requests numbered 1, 2, and 3, which asked for rulings that the evidence did not warrant a finding for the plaintiff, that it warranted a finding for the defendant, and that it required a finding for the defendant as matter of law.  He also denied requests numbered 7, 8, 9, and 10, which asked for rulings that the plaintiff cannot recover if there is no evidence "one way or the other" as to the insured's health at the time of the issuance of the policy; of attendance or treatment by a physician or at a hospital within two years; or of the prior existence of cancer or sarcoma.  The case was reported to the Appellate Division on the issues raised by the denial of these requests and on the following ruling of the judge in finding for the plaintiff: "I therefore conclude that the case is left in my hands technically with no affirmative evidence as to the health of the insured at or before the date of issue.  I rest my finding for the plaintiff on presumption.  *Payne* v. *R. H. White Co.* 314 Mass. 63.  On the presumption that unless otherwise shown a person is in normal health, I find that the insured was in sound health on the date of the issue of the policy.  On the same presumption I find that the insured did not have cancer or sarcoma prior to the date of issue of the policy.  If the question were raised, on the same presumption as to the insured's good health, and the presumption as to sanity, etc., I would find that within two years prior to the date of the issue of the policy the insured was not attended or treated by any physician or other practitioner, and had not attended any hospital or institution of any kind engaged in the cure or care of bodily or mental disease, for any serious disease, complaint or surgical operation."

The judge's ruling that the policy was not incontestable was right, and he correctly interpreted the provisions of the policy, referred to in the defendant's answer, to be conditions precedent which must be proved by the plaintiff.  *Clark* v. *Mutual Life Ins. Co.* 251 Mass. 1.  *Kukuruza* v. *John Hancock Mutual Life Ins. Co.* 276 Mass. 146, 151.  *Lopardi* v. *John Hancock Mutual Life Ins. Co.* 289 Mass. 492, 497.

*Burke* v. *John Hancock Mutual Life Ins. Co.* 290 Mass. 299, 301. *Shurdut* v. *John Hancock Mutual Life Ins. Co.* 320 Mass. 728. These cases involved actions brought on both original and reinstated life insurance policies; but there is no difference in the application of the rule as to proof of conditions precedent. *Lopardi* v. *John Hancock Mutual Life Ins. Co.* 289 Mass. 492, 497. This rule, which places the burden of proof on the claimant, requires the presentation of evidence sufficient to constitute proof. In *Fondi* v. *Boston Mutual Life Ins. Co.* 224 Mass. 6, 7, it was said, "it was necessary for the plaintiff to show as to each policy by a fair preponderance of the evidence that on its date the insured was in sound health." In *Shurdut* v. *John Hancock Mutual Life Ins. Co.* 320 Mass. 728, 731, 732, where the issues as to the existence of sound health and prior treatment by a physician were similar to those in the present case, the court said, "where, as in this case, there is a complete absence of evidence upon a decisive issue, the party having the burden of proof upon that issue must lose. . . . The burden was on the plaintiff to prove by evidence that those statements [referring to the application for reinstatement] were true." Proof according to lexicographers is "the establishment of a fact by evidence"; "that degree of cogency, arising from evidence, which convinces the mind of any truth or fact and produces belief." See *Fitchburg Savings Bank* v. *Massachusetts Bonding & Ins. Co.* 274 Mass. 135, 152; *Belbas* v. *New York Life Ins. Co.* 300 Mass. 471, 474.

The plaintiff, following the finding and reasoning of the judge as to the existence of a presumption, contends that the requirement of proof is met by furnishing evidence that the insured was alive when the policy was issued. The reports contain many instances of adjudicated permissible inferences as to the normal mental capacity and physical condition of persons. In *Clifford* v. *Taylor*, 204 Mass. 358, 361, in connection with the allowance of a will, it was held that the presumption of the testatrix's sanity, without evidence to the contrary, was sufficient to enable the proponent of the will to sustain the burden of proof. *Baxter* v.

*Abbott,* 7 Gray, 71, 83.  *Richardson* v. *Bly,* 181 Mass. 97, 99. See also *Commonwealth* v. *Clark,* 292 Mass. 409.  In the trial of personal injury cases it is commonly assumed that the plaintiff is normal as to functions and physical characteristics.  *Payne* v. *R. H. White Co.* 314 Mass. 63, to which reference was made by the judge, was a case where it was held permissible to make such an assumption concerning a woman's skin which had been injured by a chemical preparation.  In the trial of actions to recover damages for causing death, where mortality tables to show the expectancy of life have been used, the deceased has been assumed to be of average normal health.  *Little* v. *Bousfield & Co.* 165 Mich. 654.  *Murphy* v. *National Ice Cream Co.* 114 Cal. App. 482.  *Rowley* v. *London & North Western Railway,* L. R. 8 Ex. 221.

As employed in a life insurance policy the words "sound health" refer in general to a state of normal health free from infirmity or disease having a direct tendency to shorten life.  *National Life & Accident Ins. Co.* v. *Lewis,* 19 Tenn. App. 459, 462.  *Murphy* v. *Metropolitan Life Ins. Co.* 106 Minn. 112, 114.  *John Hancock Mutual Life Ins. Co.* v. *Yates,* 50 Ga. App. 713, 715.  Stated in syllogistic form the plaintiff argues: most persons are in sound health; the insured was a living person on the date of the issuance of the policy; therefore the insured was in sound health on that date.  The reliability of this argument depends on the truth of the major premise and the rational probability of the conclusion. It states a speculative proposition, the merits of which we do not consider, as the law applicable here has been settled by the decisions in the cases above cited.

To sustain the burden of proof the plaintiff is required to prove by evidence that the insured was in sound health at the time the policy was issued.  This is the "decisive issue" to which reference was made in *Shurdut* v. *John Hancock Mutual Life Ins. Co.* 320 Mass. 728, 731.  The burden is not satisfied by assuming the fact instead of proving it.  That merely begs the question.  The plaintiff has not proved his case.

Whether, if proved, the existence of sound health on the part of the insured at the time of the issuance of the policy without further evidence would be sufficient to disprove treatment of the insured by a physician or at a hospital for a serious disease within two years before the date of the policy or the prior existence of cancer or sarcoma need not be decided. Further, we do not pass upon the evidential relevancy of the facts stated in the death certificate to the proof of the insured's health approximately one year before.

The defendant was entitled to its requested rulings numbered 7, 8, 9 and 10. The evidence or lack of evidence warranted and required as a matter of law a finding for the defendant and not for the plaintiff. There was therefore error in the denial of the defendant's requests numbered 1, 2 and 3. The orders of the Appellate Division are affirmed.

*So ordered.*