CHARLES M. PARATORE *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Suffolk. December 4, 1956. — April 2, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, & WILLIAMS, JJ.

*Insurance*, Life insurance: conditions. *Evidence*, Presumptions and burden of proof, Of disease. *Clinic.*

Provisions in a life insurance policy under the heading "Policy When Void," that "If on the date of issue of this policy the Insured was not in sound health, or if prior to said date, the Insured . . . had . . . any disease of the heart . . . or if, within two years prior to said date, the Insured was attended or treated by any physician or other practitioner, or attended any hospital or institution of any kind engaged in the cure or care of bodily or mental disease, for any serious disease, complaint or surgical operation, this policy shall be voidable by the Company either before or after any claim, unless reference to each such . . . attendance, treatment or prior disease is endorsed hereon by the Company," dealt with matters which were conditions precedent to the policy becoming operative. [634–635]

In an action by the beneficiary upon a life insurance policy issued and delivered in 1951, the burden of proving compliance with conditions precedent to the attaching of the policy was upon the plaintiff. [635]

At the trial of an action upon a life insurance policy containing conditions precedent to the attaching of the policy that the insured be in sound health on the date of its issuance and have had no disease of the heart prior thereto, where there was evidence that the insured had suffered from a hypertension of five years known duration when admitted to a hospital with severe hypertension just over four months after the issuance of the policy, there was reversible error in the exclusion of an opinion of the defendant's medical expert that the insured had a serious illness on the date of its issuance. [635]

A medical clinic was within the words "hospital or institution of any kind engaged in the cure or care of bodily or mental disease" as used in a policy of life insurance. [635]

CONTRACT. Writ in the Superior Court dated July 1, 1952.

The action was tried before *Swift,* J.

*Eugene Lyne,* for the defendant.

*Frank G. Lichtenstein & Louis Barsky,* for the plaintiff, submitted a brief.

RONAN, J. This is an action of contract brought by the beneficiary in a policy issued by the defendant on June 27, 1951, upon the life of Ethel F. Paratore, the plaintiff's wife. After a verdict for the plaintiff, the case is here upon exceptions to the exclusion of evidence, to the failure to give certain requests for instructions, and to the charge.

The insured was about fifty years of age when the policy was issued. She had been an employee of a department store for several years whose records for the year 1951 showed she was absent on various occasions from February to December 24 when she quit her employment. These records show that she was ill on some of these occasions, and there was evidence that she stated that she was suffering from hypertension. She married the plaintiff on March 11, 1951. She died March 16, 1952.

After treatment at a well known medical clinic on November 1, 1951, she entered the New England Baptist Hospital on November 3, 1951, from which she was discharged on November 8, 1951. The records of this hospital showed that she had hypertension grade 3, that she had a hyperten-

sion of known duration of five years, and that it was thought advisable to continue her on a diet and mild sedation and if she showed no improvement within a period of from four to six months a splanchnicectomy — an operation which consisted of a severance of the splanchnic nerves — should be reconsidered.

The policy under the heading "Policy When Void" contained the following clause: "If on the date of issue of this policy the Insured was not in sound health, or if prior to said date, the Insured . . . had . . . any disease of the heart . . . or if, within two years prior to said date, the Insured was attended or treated by any physician or other practitioner, or attended any hospital or institution of any kind engaged in the cure or care of bodily or mental disease, for any serious disease, complaint or surgical operation, this policy shall be voidable by the Company either before or after any claim, unless reference to each such . . . attendance, treatment or prior disease is endorsed hereon by the Company or unless this policy is incontestable at the date of death of the Insured. . . . If this policy does not take effect, or is voided by the Company, the Company shall refund the premiums paid." There were no indorsements on the policy.

A somewhat similar clause was construed in *Lopardi* v. *John Hancock Mutual Life Ins. Co.* 289 Mass. 492, 496, as expressing conditions precedent compliance with which must be had before any contractual duty upon the part of the company arises under the policy other than to repay the amount of the paid in premium. It was said at pages 496–497, "That an insured is in sound health at the date of the policy is clearly a proper subject of a condition precedent. . . . And the matters dealt with in the clause entitled 'Policy When Void,' though of secondary rather than of primary importance, cannot be pronounced so immaterial in their bearing on the health of the insured at the date of the policy and, consequently, on the extent of the risk assumed by the insurer, that they cannot reasonably be made conditions precedent or that language in a policy purporting to do so

should not be given that meaning." *Souza* v. *Metropolitan Life Ins. Co.* 270 Mass. 189. *Kravit* v. *United States Casualty Co.* 278 Mass. 178. The provisions of the policy above referred to, being conditions precedent, must be proved by the plaintiff. *Burke* v. *John Hancock Mutual Life Ins. Co.* 290 Mass. 299, 301. *Shurdut* v. *John Hancock Mutual Life Ins. Co.* 320 Mass. 728. *Connolly* v. *John Hancock Mutual Life Ins. Co.* 322 Mass. 678, 680–681. See G. L. (Ter. Ed.) c. 175, § 186A, inserted by St. 1949, c. 237.

The defendant's medical expert testified, in answer to a hypothetical question, that the insured was not in sound health on June 27, 1951, the date of the issuance of the policy. Upon the same assumptions as in that hypothetical question he was asked whether he had an opinion as to the severity of the disease on June 27, 1951. The defendant offered to show that he had an opinion that the insured had a serious illness on that date and within two years prior to that time. There was evidence that she had suffered from a hypertension of five years' known duration when admitted to the hospital on November 3, 1951. A hypertension which had so far developed as to become a grade 3 hypertension when the insured was admitted to the hospital could be found to be a serious illness on June 27, 1951, and prior thereto. Subject to the defendant's exception, he was not permitted to express that opinion. This exception must be sustained.

The defendant should be permitted to show in the event of a new trial that the insured visited the clinic on June 15, 22, 29, November 1, and December 14, 1951. Whether the clinic was a hospital within G. L. (Ter. Ed.) c. 233, § 79, as amended, see *Burke* v. *John Hancock Mutual Life Ins. Co.* 290 Mass. 299; *McClean* v. *University Club*, 327 Mass. 68, it was a "hospital or institution *of any kind* [emphasis supplied] engaged in the cure or care of bodily or mental disease" as those words are used in the policy.

We need not review the other exceptions as they are not likely to arise at another trial.         *Exceptions sustained.*