Dorothy M. Kramer *vs.* John Hancock Mutual Life Insurance Company.

Suffolk. November 8, 1957. — December 4, 1957.

Present: Wilkins, C.J., Ronan, Williams, & Whittemore, JJ.

*Evidence,* Relevancy and materiality, Of disease.

At the trial of an action upon a life insurance policy containing conditions precedent to the attaching of the policy that the insured be in sound health on the date of its issuance and have had no disease of the heart prior thereto, at which there was evidence that the policy was issued in 1952 and that the insured died in 1953 as a result of a disease of the heart, there was reversible error in the exclusion of opinions of two of the defendant's medical experts, one of whom had examined the insured in 1943 when he was suffering from progressive angina pectoris and the other of whom was cardiologist in chief at a hospital in 1948 when the insured was examined there and had several electrocardiograms taken, that a person suffering from the ailments of the insured in 1943 and 1948 would be suffering from the same ailments in 1952.

CONTRACT. Writ in the Superior Court dated January 26, 1954.

The action was tried before *Swift, J.* '

*John H. Doermann,* for the defendant. :.

*Richard H. Gens,* (*Irving H. Sheff* with him,) for the plaintiff.

RONAN, J. This is an action of contract brought by the beneficiary in a policy issued by the defendant on April 30, 1952, upon the life of George W. Kramer, Junior, the plaintiff's husband. After a verdict for the plaintiff the case is here upon exceptions to the exclusion of evidence, to the failure to give certain requests for instructions, and to the charge.

The policy under the heading "Policy when Void" contained the following clause: "If on the date of issue of this policy the Insured was not in sound health, or if prior to said date, the Insured . . . had . . . any disease of the heart . . . or if, within two years prior to said date, the Insured was attended or treated by any physician or other practitioner, or attended any hospital or institution of any kind engaged in the cure or care of bodily or mental disease, for any serious disease, complaint or surgical operation, this policy shall be voidable by the Company either before or after any claim, unless reference to each such . . . attendance, treatment or prior disease is endorsed hereon by the Company or unless this policy is incontestable at the date of death of the Insured. . . . If this policy does not take effect, or is voided by the Company, the Company shall refund the premiums paid." No indorsements were attached to the policy. The policy did not become incontestable until one year after issue.

The insured died on March 15, 1953, as a result of coronary occlusion, a disease of the heart. On direct testimony the plaintiff testified that she did not know that her husband was suffering from a disease of the heart, or that he was not in sound health at the time the policy was issued. Since compliance with the conditions contained in the "Policy when Void" clause is a condition precedent to the plaintiff's

claim, the burden was upon her to prove the insured's good health. *Paratore* v. *John Hancock Mutual Life Ins. Co.* 335 Mass. 632, 635, and cases cited. The *Paratore* case is controlling here as the "Policy when Void" clause there was identical with the one in the case at bar.

The issue in dispute in the *Paratore* case, as in the instant case, was the health of the insured at the time of issuance of the policy. Generally speaking, all evidence if it is relevant to the issues of the particular case is admissible at a trial unless the offered testimony comes within some exclusionary rule. *Commonwealth* v. *Abbott*, 130 Mass. 472, 473. In an attempt to prove that the insured was not in sound health but suffering from a disease of the heart in 1952, the date of issuance, the defendant called two physicians to testify as to facts within their personal knowledge and render expert opinions on hypothetical questions based on those facts. The defendant offered to show by the first witness that he had examined the insured as a patient in 1943 and that on that date the insured was suffering from angina pectoris which was a progressive disease. The second witness called by the defendant was cardiologist in chief at the Veterans' Hospital in 1948 when the insured was examined and had several electrocardiograms taken of him under the witness's direction. They were offered to show that the insured was suffering from a disease of the heart. Both witnesses were asked to state their opinion whether a person suffering from the ailments of the insured in 1943 and 1948 would be suffering from the same ailments in 1952. The answers to the questions by both witnesses were excluded along with the other testimony to substantiate their conclusion. There being no privilege as to the communications between a patient and his physician, *Commonwealth* v. *Gordon*, 307 Mass. 155; *Gretsky* v. *Basso*, 136 Fed. Sup. 640, the doctors were competent to testify as to the facts within their knowledge which include the person's ailments, bodily condition, and extent to which the person was affected. *Bonino* v. *Caledonio*, 144 Mass. 299. *Crowley* v. *Appleton*, 148 Mass. 98. *Fleming* v. *Springfield*, 154 Mass.

520. *Commonwealth* v. *Smith,* 213 Mass. 563. *Arabia* v. *John Hancock Mutual Life Ins. Co.* 301 Mass. 397. The plaintiff's contention that the first witness testified to "history" which should be excluded is not in accord with *Roosa* v. *Boston Loan Co.* 132 Mass. 439, which merely states the familiar rule that a physician cannot testify to the patient's statements as to the cause of an injury. The elicited testimony concerned facts of the ailment and not the exterior cause of it. No contention is made that the witnesses were not experts competent to answer the hypothetical questions based on the facts, see *Commonwealth* v. *Russ,* 232 Mass. 58, 73, as well as the results of their own observations. *Commonwealth* v. *Vaughn,* 329 Mass. 333, 335. It is also to be noted that electrocardiograms are admissible like X-rays. See *McGrath* v. *Fash,* 244 Mass. 327, 328.

The only ground upon which the testimony of the physicians might have been excluded was that the evidence of heart disease in 1943 and 1948 was too remote and therefore not relevant to the issue in the case. Compare *Sherburne* v. *Meade,* 303 Mass. 356, 360; *Arabia* v. *John Hancock Mutual Life Ins. Co.* 301 Mass. 397, 402, and cases cited. But in the case at bar there was an offer to connect the evidence of the heart condition existing in 1943 and 1948 with the situation in 1952, and it could not be said that the relation of the basic facts to the ultimate physical condition would have been mere conjecture. Compare *Halnan* v. *New England Telephone & Telegraph Co.* 296 Mass. 219, 223; *Blosck's Case,* 277 Mass. 451, 453. The elicited facts and the hypothetical questions based on those facts are similar to those in *Paratore* v. *John Hancock Mutual Life Ins. Co.* 335 Mass. 632, and should have been admitted in evidence.

The exceptions to the exclusion of such evidence must be sustained. The other exceptions need not be reviewed as they are not likely to arise at another trial.

*Exceptions sustained.*